## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMARYS PACHECO, | : | NO. 1:23-CV-02078 |
| Plaintiff, | : | |
| | : | (CAMONI, M.J.) |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | | |

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Damarys Pacheco's claim for supplemental security income benefits under Title XVI of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court affirms the decision of the Commissioner.

## I.    <u>BACKGROUND</u>

### A.    Procedural History

On September 3, 2020, Pacheco applied for supplemental security income benefits, alleging disability beginning February 1, 2013.

Transcript, Doc. 7-3 at 34.[1] Following an initial denial, Pacheco submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 7-4 at 16. The ALJ conducted the hearing and determined that Pacheco was not disabled. Doc. 7-2 at 27, 40.

Pacheco filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Pacheco's action seeking judicial review of the Commissioner's decision. Complaint, Doc. 1. This case is fully briefed (docs. 10, 14, 17) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 9.

## B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . .

---

[1] Pacheco later amended the alleged onset date to September 3, 2020. *See* Doc. 7-2 at 57.

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 416.920(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 416.920(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 416.920(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 416.920(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 416.920(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's "impairment(s) must prevent [him] from doing . . . past relevant work." § 416.920(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work

experience . . . [allows] adjustment to other work." § 416.920(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 416.920(g).

## C.    The ALJ's Decision

Here, the ALJ determined that Pacheco "has not been under a disability, . . . from September 3, 2020, the date the application was filed." Doc. 7-2 at 27.  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 416.920(a)(4)(i)–(v); *see* Doc. 7-2 at 13-27.

At step one, the ALJ determined that Pacheco "has not engaged in substantial gainful activity since September 3, 2020." Doc. 7-2 at 13. At step two, the ALJ found that Pacheco has the following severe impairments: degenerative disc disease of the lumbar spine, right hip bursitis, right gluteal tendinitis, chronic pain syndrome, arthritis of the carpometacarpal (CMC) joint of the left thumb, polyarthralgia, tenosynovitis of the left second digit and left wrist, and lupus. *Id.* At step three, the ALJ determined that Pacheco "does not have an impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in" 20 C.F.R. part 404, subpart

P, appendix 1. *Id.* at 17.

Between steps three and four, the ALJ found that Pacheco has the

following RFC:

> [T]o perform less than the full range of light work as defined in 20 CFR 416.967(b). She can sit, stand, and walk for six hours each per eight hour workday. She can frequently climb ramps and stairs and occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally climb ladders, ropes, or scaffolds. She is limited to frequent handling and fingering of the left upper extremity.

*Id.* at 20.

At step four, the ALJ determined that Pacheco "is capable of

performing past relevant work as a school childcare attendant . . . and

medical assistant . . . . This work does not require the performance of

work-related activities precluded by the claimant's residual functional

capacity." *Id.* at 26. As an alternative, the ALJ conducted the analysis at

step five, denying Pacheco's disability claims because, considering her

"age, education, work experience, and [RFC], the claimant is capable of

making a successful adjustment to other work that exists in significant

numbers in the national economy." *Id.* at 27.

### D.    Issues on Appeal

Pacheco raises two issues on appeal: (1) whether the ALJ erred by determining that Pacheco is limited to frequent handling and fingering of the left upper extremity; and (2) whether the ALJ committed multiple errors in evaluating Pacheco's symptoms. Pl.'s Br., Doc. 10 at 11, 14.  The Court, adhering to the deferential standard of review outlined below, affirms the decision of the Commissioner.

## II.  <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant

7

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not

only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Pacheco is disabled, but whether the Commissioner's finding that Pacheco is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  <u>DISCUSSION</u>

Pacheco primarily challenges the ALJ's RFC determination of Pacheco's upper extremity functionality and generally argues that the ALJ made multiple errors in evaluating Pacheco's symptoms. Doc. 10 at 11, 14. The Court addresses each argument in turn.

### A.  **The ALJ's RFC determination is supported by substantial evidence.**

Pacheco first argues that "the ALJ erred by failing to limit Ms. Pacheco to occasional handling," in her RFC determination. *Id.* at 13. Pacheco contends that she did not testify that she could frequently handle, finger, and feel and that "no physician opined this limitation." *Id.* Pacheco further asserts that the ALJ cited no particular medical evidence to support his RFC limitation to frequent handling and fingering of the left upper extremity. *Id.* Each of Pacheco's arguments fail.

#### 1.    *The ALJ's burden in determining RFC*

The ALJ must make the final RFC determination—not treating or examining physicians or state agency consultants. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). The ALJ must choose whom to credit, while ensuring that the ALJ does not "reject evidence for no reason or for

the wrong reason." *Mason*, 994 F.2d at 1066, citing *Cotter v. Harris*, 642 F.2d 700, 707 (3d Cir. 1981). The ALJ's RFC determination at times requires the ALJ to fashion an RFC that falls between competing opinions. *Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016). The ALJ here did exactly that. *See* Doc. 7-2 at 20-24.

Undercutting Pacheco's arguments, the ALJ assessed a more favorable RFC limitation compared to that called for in the medical opinion. The ALJ's RFC limitation provided "a somewhat more restrictive residual functional capacity than is indicated by the opinions of the State agency medical consultants." *Id.* at 24. The ALJ did this to "fully accommodate the claimant's symptoms," *id.*, despite substantial evidence warranting a less restrictive RFC. *See* Doc. 7-2 at 21-23 (citing ample records of normal findings for the upper extremities). Thus, Pacheco's argument, that the ALJ should have fashioned an RFC limitation identical to an RFC in a physician's opinion, *see* Doc. 10 at 13, is self-sabotaging, as the state agency medical consultant found that Pacheco's upper extremity exertional limitation is unlimited other than lifting and carrying. Doc. 7-3 at 40. Instead, the ALJ fashioned a more favorable RFC for Pacheco, by determining an RFC that falls between

competing opinions, even though "no physician opined this limitation."
Doc. 10 at 13; *Durden*, 191 F. Supp. 3d at 455. Accordingly, the ALJ did
not err in determining the  RFC.

2.    *Harmless error*

Pacheco also requests the Commissioner's decision to be remanded,
arguing that the ALJ's RFC error was not harmless because a limitation
to occasional handling would have affected the outcome of the case. *Id.* at
13-14. As explained above, the ALJ did not err. But, even assuming
*arguendo* that the ALJ erred by limiting Pacheco to frequent handling,
Pacheco's argument still fails because the error would be harmless.

In fact, the ALJ here specifically asked this hypothetical scenario
to the vocational expert. *See* Doc. 7-2 at 92. Asked to consider Pacheco's
requested limitation of occasional handling as a hypothetical, the
vocational expert still testified that there are jobs that Pacheco could
perform in the national economy. *See id.* at 92-93. The claimed error,
therefore, would not change the outcome of the ALJ's determination and
remand is thus unwarranted. *Rutherford v. Barnhart*, 399 F.3d 546, 556
(3d Cir. 2005) (rejecting a claimant's argument that the error was not
harmless where the ALJ considered her claimed need in a hypothetical

12

question submitted to the vocational expert and in the ALJ's final decision).

## B.    The ALJ's evaluation of Pacheco's symptoms is supported by substantial evidence.

Pacheco's remaining arguments also fail. First, Pacheco contends that the ALJ erred in noting that Pacheco was in "no acute/apparent distress" during some office visits, and that this was an irrelevant and unwarranted independent medical finding. Doc. 10 at 14-15. This argument minimizes the ALJ's analysis and overlooks the significant medical evidence that the ALJ reviewed and explained, which support normal findings in the upper extremities, full range of motion and muscle strengths, and normal results from diagnostic testing, not to mention the claimant's own denial of pain. Doc. 7-2 at 22-23. Further, Pacheco has not made any showing of how this alleged error affected the ALJ's decision.

Second, Pacheco argues that the ALJ erred in noting that Pacheco did not experience medication side effects. *Id.* Upon review of the ALJ's RFC assessment, the Court finds that the ALJ adequately explained these findings. *See* Doc. 7-2 at 23. Despite Pacheco's claim that she suffered numerous such side effects, the ALJ cited medical records to explain that Pacheco did not persistently complain of side effects to her

medical providers. *Id.* Nor did the medical evidence suggest that Pacheco's symptoms resulted from medications. *Id.* Thus, the ALJ did not err and stood on solid evidentiary ground in concluding that Pacheco "does not experience any medication side effects with such frequency, intensity, or persistence that they require any limitation in her [RFC]." *Id.*; *see Grandillo v. Barnhart*, 105 F. App'x 415, 419 (3d Cir. 2004) (finding that, absent evidence that a claimant reported adverse side effects to her treating physicians or that those physicians adjusted the dosage or nature of the medication to control for poor toleration, the mere fact that a claimant was taking medication known to induce adverse side effects did not require the ALJ to assume the claimant actually experienced those side effects); *Bynaker v. Bisignano*, No. 25-16, 2025 WL 2349803, at *9-10 (M.D. Pa. Aug. 13, 2025) (finding no basis for remand because the only evidence of side effects from the claimant's medications is the claimant's own testimony).

Third, Pacheco argues that the evidence demonstrates she could only perform minimal activities of daily living and that, given this limitation, the ALJ failed to explain how Pacheco could perform work tasks. Doc. 10 at 18. The ALJ's decision, however, clearly discredited

Pacheco's self-reported limitations because the ALJ found that they are "not consistent with her testimony . . . as well as clinical examination findings." Doc. 7-2 at 23. The medical evidence, among other findings, reflected normal and full range of motion and muscle strength in all extremities. *Id.* Because the ALJ adequately explained that Pacheco's claimed limitations were inconsistent with the medical evidence, substantial evidence supports the ALJ's RFC determination. *See Davis v. Comm'r of Soc. Sec.*, 240 F. App'x 957, 960-61 (3d Cir. 2007) (finding that substantial evidence supports an ALJ's RFC determination because a plaintiff's claimed limitation was inconsistent with the medical evidence); *Garret v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 164 (3d Cir. 2008) (affirming an ALJ's RFC assessment where a plaintiff's medical records and conservative treatment failed to substantiate claimed impairments); *Sanchez v. Bisignano*, No. 24-1627, 2025 U.S. Dist. LEXIS 193285, at *19 (M.D. Pa. Sept. 30, 2025) (concluding that the ALJ properly assessed a plaintiff's self-reported symptoms as not entirely consistent with the medical evidence).

Overall, the ALJ's decision was supported by substantial evidence and will be affirmed.

## IV.  **<u>CONCLUSION</u>**

Accordingly, the Commissioner's decision is **AFFIRMED**.

An appropriate order follows.

Date: January 2, 2026               <u>s/*Sean A. Camoni*</u>
                                     Sean A. Camoni
                                     United States Magistrate Judge

16